GEORGE L. WHITNEY and others *vs.* LOUIS S. ROBBINS and others.

1. The jurisdiction of the Court of Chancery to collect the choses in action of a judgment debtor, and apply them to the payment of his debts, has never been assumed in this state, until conferred by the acts of March 20th, 1845, (*Pamph. Laws* 141), and April 12th, 1864, (*Pamph. Laws* 704.)

2. A suit brought by a creditor, under these acts, must be brought for himself alone, and not for himself and such other creditors as may join therein. The relief given is for the creditor who pursues the statute; no others are entitled to share with him the benefits of the proceeding until he is satisfied.

3. To a bill filed for discovery and relief, under the above mentioned acts, all persons through whom the title of the property charged to be held in trust had passed, and who knew, therefore, the truth of the facts to be inquired into, are proper parties. Such bill is not liable to the objection of multifariousness, on the ground that other facts may be inquired into with which they have no concern, and that the receiver may receive other property than that in which they were interested.

4. The appointment of a receiver, under said acts, must depend upon the fact whether any chose in action or property held in trust for the debtor, has been discovered by the answers, examination, or evidence.

5. That an answer is insufficient in some particulars, does not destroy its effect upon the points upon which it answers directly. And where the complainant has accepted it, he is bound by it.

The bill of complaint sets forth that the complainant, Whitney, on the 8th of March, 1864, issued an attachment out of Hudson county Circuit Court, by which two lots on South Third street, in Jersey City, were duly attached as the property of Louis S. Robbins, the defendant therein. That the complainants, West and Caldwell, were admitted as creditors in said attachment. That Robbins appeared and dissolved the attachment; and that on the 20th day of February, 1865, judgments were obtained against him by Whitney for $971.86, and by Caldwell and West for $1078.60, besides costs. That writs of *fieri facias* were issued on said judgments, and returned by the sheriff unsatisfied, with the

further return, that he could find no goods and chattels, or lands, whereon to levy.

The bill further states, that in 1864, Louis S. Robbins placed in the hands of Matthew P. Robbins a large amount of money, to be invested for him, in the name of Matthew, for the purpose of protecting the same from the creditors of Louis, who was largely in debt. That, with said money, M. P. Robbins purchased said two lots, and took the deed in his own name, but in trust for said L. S. Robbins. That, on the first of February, 1864, M. P. Robbins, at the request of L. S. Robbins, for the avowed purpose of enabling him better to elude his creditors, conveyed said lots to Clara Augusta Robbins, the wife of Louis ; intending that she should convey them to his brother-in-law, the defendant, W. W. Keith. That, on the 9th of February, 1863, L. S. Robbins and his wife conveyed the same to Keith, without consideration, by and for the nominal consideration of one dollar, intending the same to be held in trust for L. S. Robbins. That Keith, on the first of October, 1864, conveyed said lots to the defendant, Minthorn, for the nominal consideration of $4200. That said conveyance to Keith and Minthorn were both without any consideration paid, and intended in trust for L. S. Robbins, who procured the same to be made to defraud his creditors.

The bill prays a discovery and order for the examination of L. S. Robbins before a master to make discovery of his things in action, for a receiver, and for a conveyance by L. S. Robbins and his assigns; also, that the conveyances to Keith and Minthorn be set aside, and that the property and things in action of L. S. Robbins be appropriated to the payment of the complainants' two judgments.

An order was made for the examination of L. S. Robbins, which was had; several other witnesses were examined, including M. P. Robbins.

The defendants, L. S. Robbins and wife, Keith, and Minthorn appeared, and except Minthorn, against whom a decree *pro confesso* was taken, answered. They deny that the

lots were purchased with L. S. Robbins' money, or for his use, or with his knowledge or consent. They admit that they were conveyed to his wife for a consideration paid by him, and that they were conveyed by her to Keith, as stated in the bill, but for a consideration of $1700, which was paid by Keith to Robbins, by crediting that sum in an account actually owing by Robbins to Keith; that they were conveyed by Keith to Minthorn, as stated in the bill, for the consideration of $4200, expressed in the deed, of which $2800 was paid in cash by Minthorn to Keith, and $1400 by assuming an old mortgage to that amount on the lots, and that the cash was used by Keith in his business. They disclaim all interest in the premises, and deny that they are, or were, held by Keith or Minthorn, in any way, in trust for L. S. Robbins.

A replication was filed, and after issue joined, testimony was taken in addition to the depositions under the order for examination, which were also used on the hearing; the parties having, pursuant to the statute, filed notices of their intention so to use them.

The testimony, as to the fact whether the lots were originally purchased for L. S. Robbins, and with his money, or with his assent, was conflicting and directly contradictory; that of L. S. Robbins, on the one side, and M. P. Robbins, on the other, being respectively supported by other witnesses, documents, and corroborating facts.

But there was no direct evidence, on either side, whether the conveyances to Keith and Minthorn were without consideration, except the examinations of L. S. Robbins.

The cause was argued before A. O. Zabriskie, esq., master, sitting for the Chancellor.

*Mr. J. Weart,* for complainants.

*Mr. Ransom,* for defendants.

THE MASTER. The bill in this case is founded on the act of March 20th, 1845, (*Nix. Dig.* 106, § 81,) and the supplement of April 12th, 1864, (*Pamph. Laws* 704.) These acts were intended to enable judgment creditors to reach things in action, debts due to the defendant, and property held in trust for him, which could not be levied on and sold by execution at common law, or by the statutes then in force. The "act to prevent fraudulent trusts and assignments," approved March 7th, 1850, *Nix. Dig.* 271, gave in the courts of law, a like remedy as was designed to be given by these acts through the more efficacious and suitable machinery of this court. Money, bank notes, and shares in corporations, had necessarily been made liable to execution by statute; but other rights in action or property, held in trust for the defendant, could not be levied on or sold. In England, the 10th section of the Statute of Frauds, 29 *Charles* 2, *ch.* 3, had, by express terms, made trust estates liable to levy, on executions against the *cestui que trust*, and the Court of Chancery gave its aid to remove impediments and to secure the trust property to the execution creditor. But when the English statutes were abrogated, the provisions of this section were not incorporated into the state statutes, and trust estates were no longer liable to seizure and sale on execution. And, although in New York, and to a certain extent in England, attempts were made to establish the jurisdiction of the Court of Chancery to collect the choses in action of a judgment debtor, and apply them to the payment of his debts, it was a new branch of equity jurisdiction, not established before the Revolution, and in New Jersey has never been assumed by this court, until conferred by the statutes above mentioned.

The suit, in this case, is rightly brought by the complainants for themselves alone, and not for themselves and such other creditors as may join therein. The relief given is for the creditor who pursues the statute; no others, either creditors at large or judgment creditors, are entitled to share with him the benefits of the proceeding, until he is satisfied.

And the objection taken on this ground in the answer, by way of demurrer, and upon the argument, cannot prevail.

The objection taken in like manner on the ground of multifariousness, cannot defeat the complainants. All the defendants are rightly joined in this bill, for the discovery and the relief authorized by the statutes. They are the persons through whom the title of the property, charged to be held in trust, had passed, and who knew the truth as to the facts inquired into. That other facts, in which they have no concern, may be inquired into, and that the receiver appointed may receive other property than that in which they were interested, does not make this bill multifarious, for, by the acts, it must be to discover all the defendant's property and things in action, by whomsoever held. The prayer, that the deeds to some of the defendants be declared void, and they be compelled to convey to a receiver, is a prayer for relief that cannot be had in this suit, and as these defendants are proper parties for the discovery, an improper prayer cannot make the bill liable to the objection of multifariousness.

Whether the original purchase of these lots by M. P. Robbins was for himself, or in trust for L. S. Robbins, is a fact difficult to determine, from the conflicting and contradictory testimony. But as this case is presented, the determination of that point is not necessary to decide it.

The relief provided for by these acts is, the discovery of property, preventing its payment to the defendant or transfer to a stranger, having a receiver to collect and sell it, to whom the court can compel the defendant to convey it, and the application of it to pay the debt of the complainant.

The appointment of a receiver must depend upon the fact whether any chose in action or property, held in trust for the debtor, has been discovered by the answers, examination, or evidence. This is clearly the intention of the act.

In this case, the only property that the complainants claim to have discovered, is the two lots in Jersey City. Now, to entitle the complainants to a receiver, it must appear that they are now, or were, at the filing of the bill, held

in trust for Louis S. Robbins.    That they were once held in trust for him will not suffice.

Now, if we take for granted the allegation of the complainants, and the proof of their witnesses, that these lots were purchased and held by M. P. Robbins, in trust for L. S. Robbins, and that after the conveyance to his wife, they were held by her in trust for him; when we come to the next step, which is the conveyance to Keith, there is no proof that this was without consideration, or in trust for L. S. Robbins. He and his wife and Keith have all answered.   On this point their answers are responsive to the bill, and on matters within their personal knowledge.   They swear that the conveyance was in good faith, and for a valuable and adequate consideration, paid by allowing a credit to that amount on an account due from Robbins to Keith.   If this be true, the consideration is as good and sufficient as if paid in cash.   The legal title, on the showing of the complainants, was in Clara, as trustee for her husband, L. S. Robbins.   The trustee and *cestui que trust* join in a conveyance for a valuable consideration, and with full covenants of warranty; this conveys the property free from the trust.

That the answers of Robbins and Keith are insufficient in some particulars, does not destroy their effect upon the points upon which they answer directly.   Few answers are full and perfect.   The complainants could except and compel full answers; they have accepted these answers as they are, and are bound by them.

If there had been conflicting testimony on the fact of the consideration, the omission to answer fully would have impaired the weight of the answer as against the testimony.

These answers are supported by the testimony of L. S. Robbins, and are directly contradicted by no one.   The circumstances of suspicion proved, though entitled to consideration, are not sufficient to overcome these positive answers and this testimony, especially on a point that the complainants are bound to prove affirmatively, to entitle them to relief.

The same considerations will apply to the conveyance to

2 H*

Minthorn.   Keith answers positively that the consideration of $2800 was paid in cash, and that he used it in his business.  This answer may be false.  There are circumstances that throw suspicion upon it.   That Minthorn, the only party who seems to have an interest, has not answered, is a strong circumstance, but will not supply the want of evidence, though it might weigh much in a conflict of testimony.   That the bill is taken as confessed against him cannot aid.   No relief is to be had against him in this suit; it is only for a receiver as against L. S. Robbins.   Minthorn is called upon for a discovery to found that relief upon.

Before the Chancellor can give relief in this proceeding, it must appear by proof that some person owes the defendant otherwise than for personal services, or holds property in trust for him not proceeding from a stranger.   In this case there is no sufficient proof of this.   There are circumstances that raise suspicion, strong suspicion, that there is something wrong in the conduct of L. S. Robbins, in regard to this property, but they fall short of convincing me that the property is now held in trust for him.

I therefore feel constrained to advise the Chancellor to dismiss the complainants, but that such dismissal be without costs.