Currie *v.* Knight.

GEORGE F. CURRIE et al.

*v.*

WILLIAM C. KNIGHT et al.

The direction of the statute, that the assets of an insolvent estate shall be distributed ratably among the creditors of the decedent, gives them a lien on such assets, and entitles them to a standing to contest the validity of a chattel mortgage not filed according to the statute.

On order to show cause why an injunction should not issue, heard on bill and affidavits, and answer and affidavits.

*Mr. Harry L. Slape,* for complainants.

*Mr. MacGregor J. Mitcherson,* of Philadelphia, and *Mr. J. E. P. Abbott,* for defendants.

VAN FLEET, V. C.

This is an application for an injunction. It rests on the following facts: Mary A. Ruck executed a mortgage to William C. Knight, September 25th, 1877, on certain chatttels in this state, to secure the payment of $1,500 within one year. The mortgagor died testate October 25th, 1877. The mortgage was not filed according to the statute until September 18th, 1878. The mortgagor's estate is insolvent, though no decree so declaring has been taken by her executor. The complainants are creditors at large of the mortgagor. They dispute the validity of the mortgage as to them, and ask that the mortgagee be restrained from making sale under his mortgage.

The statute directs that every chattel mortgage which shall not be accompanied by an immediate delivery, and followed by an actual and combined change of possession of the things mort-

gaged, shall, unless filed as directed by the statute, be absolutely void as to the creditors of the mortgagor. *Rev. 709 § 39.* The creditors here meant are those having a lien on the things mortgaged. *Jones on Chat. Mort. § 245.* Creditors without a lien have no right to, or interest in the things mortgaged, and for that reason cannot be heard to question a mortgage which is valid against the person who made it. The fact that a mortgagee takes possession of the things mortgaged subsequent to the execution of the mortgage, but before a creditor at large has perfected his lien by payment or otherwise, will not give validity to the mortgage as against such creditor, if the mortgage was not filed according to the statute. *Williamson* v. *N. J. Southern R. R. Co., 1 Stew. Eq. 277; S. C. on appeal, 2 Stew. Eq. 311.*

An attempt has been made to aver a delivery in this case contemporaneous with the execution of the mortgage, but it is quite manifest that the possession which the pleader has struggled to assert is only such as he supposed arose out of the execution of the mortgage, and not an actual change of possession from the mortgagor to the mortgagee. His averments amount simply to the statement of a conclusion of law, without the disclosure of a single fact showing that it is warranted. But, more, a subsequent averment of the answer shows that such conclusion has no warrant in fact. The averment here particularized is that in which the defendants say that the executor of the mortgagor, on or about May 17th, 1879, allowed the mortgagee to take possession of the mortgaged chattels, and that he has since held possession of them. The change of possession here spoken of is quite inconsistent with an antecedent possession by the mortgagee.

The question of the case is, have the complainants a lien on the mortgaged chattels? The chattels constitute part of the assets of an insolvent estate. With regard to such estates, the statute declares that the estate, real and personal, of a testator or intestate, in case the same shall be insufficient to pay all his debts, shall, after certain preferred debts have been paid, be distributed among his creditors, in proportion to the sums that shall be due to them respectively. *Rev. 770 § 81.* In order

Currie *v.* Knight.

to work out the equality of distribution here directed, a subsequent provision directs that, in case a judgment shall be recovered against an administrator or executor, after the estate which he represents has been decreed to be insolvent, no execution shall be issued thereon, and the judgment shall have no effect except to fix the amount of the debt. *Rev. 772 § 88.* In *Haston* v. *Castner, 4 Stew. Eq. 697,* the court of errors and appeals held that the statutory direction that the lands of a decedent shall be liable for the payment of his debts, creates a lien in favor of creditors at large, which gives them a right to impeach a conveyance made by the decedent in fraud of creditors. The fundamental purpose of the two statutes is the same, namely, to appropriate exclusively and irrevocably the property of a decedent to the payment of his debts. The one says that his property shall be liable for the payment of his debts, while the other declares that his property shall be distributed among his creditors. If a statutory declaration that property shall be liable for the payment of debts creates a lien, the same result must follow where the direction is, that property shall, in a certain condition of affairs, be distributed exclusively to creditors. That a creditor at large has a lien on the assets of an insolvent estate is a proposition substantially affirmed by the supreme court in *Milnor* v. *Milnor, 4 Hal. 93.* In that case, a creditor at large was permitted to attack a judgment regularly entered after the death of the defendant, though the judgment on its face purported to have been entered at the term immediately antecedent thereto. It is true his right, in that case, is not called a lien, but an interest, but except his right was that of a lien-holder, the court, according to well-established principle, had no right or power to listen to his impeachment of the judgment. The court, however, set the judgment aside at his instance.

A court of equity should not be more technical nor less liberal in extending aid to creditors, in such a case, than a common law court.

In my judgment, the mortgage in question is void as to the creditors of the mortgagor, and the mortgagee should be en-

joined from making sale of the mortgaged chattels, or inter-meddling with them in any way.

The complainants ask for the appointment of a receiver as well as an injunction. I do not see my way clear to advise the granting of this last request. The executor, it is true, now stands as the champion of the mortgagee and in an attitude of hostility towards the creditors at large, but I think he has probably assumed this position under a mistaken notion respecting the rights of the contestants, and with no design to prejudice the creditors. He will now understand that the creditors occupy the position of superior right, and will, I have no doubt, take such steps as shall be necessary to give them the full benefit of their rights. If, however, he should not, the complainants may at any time renew their application.