The bill is to foreclose two mortgages on an apartment house, one for $85,000, the other for $15,000, made by the Apex Building Company. The amounts are admitted to be due and that the proceeds were used in the erection of the building. H.R. Eisenberg Company, Incorporated, a mechanics' lien claimant, holding a general judgment against the owner, Apex Building Company, and to be specially made out of the mortgaged lands, asserts priority over complainant's mortgages. The complainant was a party defendant in the mechanics' lien suit in the circuit court and was dismissed upon a showing that its mortgages were prior liens. That settles the priority of the complainant's mortgage lien over the mechanics' lien.
The Eisenberg company's general judgment in that suit is nevertheless a lien on the land subordinate of record to the complainant's mortgages. This lien is sought to be advanced but not to entire superiority. It is conceded that the larger mortgage has priority to the extent of $65,000, but the remainder and the second mortgage are claimed to be inferior liens, and the reason for this is that the remaining *Page 571 
moneys were advanced after the Apex company became insolvent. A receiver in insolvency was appointed by this court December 12th, 1927, and later discharged upon the petition of creditors. A committee of creditors took over the management of the company's affairs and finished the building. To that end the complainant paid what remained due on its first mortgage and advanced an additional $15,000 on a second mortgage, and the Eisenberg company and others furnished materials. It and other materialmen subordinated their mechanics' lien rights to the second mortgage. All the materialmen knew the arrangement, that the complainant was to advance the additional moneys upon the security of the mortgage. The argument is that the securities which the complainant took after the company became insolvent and which led to the receivership, although the receiver was discharged, are void under section 64 of the Corporation act (Comp. Stat. p.1638) which declares void as against creditors all transfers of property by corporations when insolvent. The statute can have no application to the $85,000 mortgage which was made eight months before insolvency.
The primary object of section 64 is to condemn preferences, made in the face of insolvency, upon the assets of insolvent corporations so that they may be administered as a fund for the equal benefit of creditors and stockholders, as provided by ensuing sections. Wilkinson v. Bauerle, 41 N.J. Eq. 635. But in Cope v. C.B. Walton Co., 77 N.J. Eq. 512; affirmed, 79 N.J. Eq. 165,
an assignment of assets by an insolvent company was held void in favor of a creditor holding a municipal mechanics' lien upon the assets. The construction of the section in that case beyond the statutory scheme, however, is not authority for letting in a judgment creditor to contest the validity of a mortgage given after insolvency to sustain the mortgage security towards which the creditor itself extended credit, represented by the judgment, in the common effort to preserve the assets of the company, with knowledge of the insolvency and with notice of and assenting to the mortgage and the object for which it was given. The creditor is estopped and he can take nothing by the statute. *Page 572 
Furthermore complainant has a superior equity under its second mortgage. It was compelled to lay out the money to complete the building to protect the security of its first mortgage and the law incorporates the outlay as a lien. Vanderhaise v. Hugues,13 N.J. Eq. 410; Seacoast Real Estate Co. v. American TimberCo., 89 N.J. Eq. 293. In these cases the mortgagees were in possession but the principle applies.
The complainant is entitled to a decree for the amount due on both mortgages, with interest.