New Jersey Fidelity and Plate Glass Insurance Company (New Jersey) transferred to the Commercial Casualty Insurance Company (Commercial) over a million dollars in securities. New Jersey was insolvent at the time. Ten days later, the commissioner of banking and insurance took possession of its property and business. Vice-Chancellor Backes concluded that the transfer violated section 64 of the Corporation act (Comp. Stat. p.1638), and was void as against creditors. 117 N.J. Eq. 548.
Complainants now move for a decree and the question is raised whether the securities which were turned over to Commercial, should be restored to the *Page 267 
commissioner for the equal benefit of all general creditors of New Jersey or whether the complainants should first be paid in full and the balance only be available to other creditors.
An action at law to recover a debt is, of course, prosecuted for the benefit of the plaintiff alone. Judgment execution and levy raise a lien for his exclusive use. "The filing of a judgment creditor's bill for the purpose of setting aside a fraudulent conveyance and thereby subjecting the property to the payment of the judgment of the creditor, and the service of process thereunder, creates a lien in equity upon the equitable estate of the debtor in the property so conveyed." Bradley v.United Wireless Telegraph Co., 79 N.J. Eq. 458; 83 N.J. Eq. 688.
By virtue of this equitable lien, he is preferred to other creditors even though they have judgments superior to his. Dey
v. Allen, 77 N.J. Eq. 522. A suit by a creditor to avoid a transfer under the Uniform Fraudulent Conveyance act (P.L. 1919p. 500), or similar earlier statutes, or to set aside a chattel mortgage under Comp. Stat. p. 463, is wholly self-serving.Sitley Son v. Morris, 73 N.J. Eq. 197. Likewise, a bill by an execution creditor under the Chancery act, Comp. Stat. p.435 § 70. Whitney v. Robbins, 17 N.J. Eq. 360. A fraudulent transfer or chattel mortgage or a transfer by an insolvent corporation, is good as between the parties and cannot be impeached by the debtor or by one who merely represents him.Schenck v. Hart, 32 N.J. Eq. 774; Semenowich v. Melnyk,93 N.J. Eq. 615.
But generally, when the estate of an insolvent debtor has come into the custody of the law for distribution among creditors, the custodian who represents both debtor and creditors is clothed with the attributes and equities of the latter and may, in their behalf, challenge a transfer void as to them. For instance, the receiver of an insolvent corporation (Receiver of Graham ButtonCo. v. Spielmann, 50 N.J. Eq. 120; Id. 796; Bradley v. UnitedWireless Telegraph Co., supra; Smith v. Commercial CreditCorp., 113 N.J. Eq. 12; Morris v. Smith, 115 N.J. Eq. 310), or the receiver of an insolvent partnership (Brockhurst v. Cox,71 N.J. Eq. 703; 72 N.J. Eq. 950), or (in certain cases) the assignee for the *Page 268 
benefit of creditors (Pillsbury v. Kingon, 33 N.J. Eq. 287), or the executor of an insolvent estate (Lembeck Betz BrewingCo. v. Kelly, 63 N.J. Eq. 401), or a receiver under the Securities act. Stevens v. Peoples' Home Journal, Inc.,113 N.J. Eq. 516. If the representative of creditors refuses to sue, one of the creditors may sue for the benefit of all creditors similarly situated. Currie v. Knight, 34 N.J. Eq. 485; Haston
v. Castner, 31 N.J. Eq. 697, 701. A classification of suits in which one creditor sues for all will be found in Iauch v. DeSocarras, 56 N.J. Eq. 524.
When the insolvent estate has been seized by the agent of the law, a creditor can no longer acquire a lien on the property and thus obtain a preference. The seizure of the property for the purpose of distributing the proceeds among all creditors standing on the same plane, creates a lien which is as effectual as the lien of execution and levy, and which embraces all property of the debtor that may be made available for the payment of his debts, including his equitable estate in property fraudulently alienated. Receiver of Graham Button Co. v. Spielmann, supra;Pillsbury v. Kingon, supra. Thereafter, a creditor cannot, to secure for himself a preference, disturb the lien. Trustees,c., v. First National Bank, 87 N.J. Eq. 84; Hammer v.Israel, 89 N.J. Eq. 481; Hoffman v. Kahn, 119 N.J. Eq. 171.
His bill in equity is for the benefit of all creditors. Jones
v. Fayerweather, 46 N.J. Eq. 237, 255.
Two of the complainants before me, Industrial Acceptance Corporation and American Glass Company, are general and not judgment creditors of New Jersey. The other complainants, Central-Penn National Bank and Philadelphia National Bank, recovered judgments by default several months after the commissioner of banking and insurance had taken possession of the property of New Jersey. None of the complainants had a lien at the time he took charge. It follows that they cannot be preferred to other creditors if the action of the commissioner constituted a seizure of the assets of the debtor in the same sense as does the appointment of a receiver of an insolvent corporation.
The commissioner acted pursuant to P.L. 1902 p. 407 *Page 269 
§ 56; Comp. Stat. p. 2854, as amended. This section as originally enacted provided in the event an insurance company should become insolvent or should suspend its ordinary business for want of funds to carry on the same, or in certain other circumstances, the chancellor might, on application of the commissioner of banking and insurance, appoint a receiver with the same powers and duties as if appointed under the provisions of the Corporation act.
Section 56 was amended by P.L. 1930 p. 288, to permit the commissioner, in his discretion, to take possession himself of the property and business of the company, in lieu of applying for a receiver.
By further amendment (P.L. 1931 p. 599), the provision for the appointment of a receiver on application of the commissioner was struck out and in its stead was inserted, in case the commissioner should refuse to take possession, then chancery, on petition of the attorney-general or any creditor or stockholder, might appoint a receiver with the same powers and duties as if appointed under the Corporation act. Such a receiver, as the representative of creditors, could set aside transactions which are void as to them, although good as to the company; and no creditor, after appointment of the receiver, could obtain, by his diligence, advantage over other creditors.
But a receiver cannot be appointed unless the commissioner refuses to act. I think it must have been the intention of the legislature that the commissioner, on taking possession, represent creditors in the same manner as would a receiver and that he have equal power to collect assets for the benefit of creditors. The legislature cannot have meant, after the commissioner should take possession, to leave creditors to scramble for advantage among themselves, or to permit them to prosecute for their individual benefit, suits to set aside voidable transfers. This interpretation of the act is strengthened by the restrictions placed by the amended section upon creditors: "Upon taking possession of the property and business of any such company by the commissioner, all judgments, decrees, levies, and executions, against the property of the company, shall be thereafter stayed until *Page 270 
otherwise ordered by the court of chancery." Creditors must prove their claims before the commissioner. Much of the phraseology of section 56 is taken from section 66 of the Corporation act relating to receivers. When the bill of complaint in the present cause was filed, it was too late for complainants to acquire a lien at law or a lien in equity on the equitable estate of the company in the property transferred to Commercial.
In Wimpfheimer v. Perrine, 67 N.J. Eq. 597, the court of errors and appeals made a distinction between the powers of an assignee under a voluntary assignment and an assignee appointed in an involuntary proceeding. "In an involuntary proceeding as in case of a receivership or assignee appointed by the court, the proceeding is adverse to the debtor. * * * The receiver is the embodiment of creditors; he stands as and for them; when he challenges the validity of the mortgage, he does so in the character of creditor, having in virtue of his receivership debts fastened on the mortgagor's property. It is then a question strictly between creditors and the mortgagee, and the statute declaring the mortgage void as to creditors for want of recording, applies as fully as if it was a suit between a single judgment creditor and the mortgagee. In voluntary assignments, the assignee does not, in the same sense, represent creditors; he stands in the place of his assignor. * * * When he challenges the validity of a mortgage, he must do so as the representative of the assignor." The commissioner, taking possession under section 56, does not depend on the request of the company; his proceeding is adverse. The delegation of power to him is not the voluntary appointment of the company, but results from the law.
Complainants point out that the commissioner has no title but is only custodian and hence, say complainants, he could not maintain a bill to set aside the transfer in question. This does not follow. A receiver does not avoid a conveyance by virtue of the title vested in him but as representative of the creditors and by force of the lien arising upon his appointment. Like the complainant in the ordinary creditor's bill, he sues not as owner but lienor. *Page 271 
I conclude that the decree must be for the equal benefit of all creditors. The same result is reached when we examine the right conferred by section 64 of the Corporation act which complainants sue to enforce. Even where the debtor's estate has not been taken into the custody of the law, a creditor cannot, for his sole benefit, exercise rights which exist for the equal benefit of creditors as a class. Thus it was held in Wetherbee v. Baker,35 N.J. Eq. 501, that a creditor's bill against stockholders for unpaid subscriptions to the capital stock must be prosecuted in behalf of all creditors since subscriptions to the capital stock are a fund for the benefit of creditors as a class. In Mallory
v. Kirkpatrick, 54 N.J. Eq. 50, an insolvent corporation confessed judgment to defendant. Mallory, who was also a creditor, filed his bill challenging defendant's judgment. Vice-Chancellor Pitney held the judgment by confession to be an unlawful preference, and that money received by the judgment creditor was held by him in trust, but that complainant could not prosecute except for the benefit of all creditors, and this because, "the clear policy of our Corporation act is that the assets of an insolvent corporation should be equally divided among its creditors." In neither of these cases had a receiver been appointed.
Section 64 of our Corporation act is derived from section 2 of the act to prevent frauds by incorporated companies, of 1829. That statute, so far as it relates to the estates of insolvent corporations is, in all its essential elements, a bankrupt law.Van Wagoner v. Paterson Gas Light Co., 23 N.J. Law 283.
Chancellor Williamson said that the object of the act "is to secure all the creditors of such institutions an equal distribution of its assets. This is the primary object of the statute." Van Wagenen v. Paterson Savings Bank, 10 N.J. Eq. 13.
Recently, the same view was expressed by Vice-Chancellor Backes in Active Mortgage Co. v. Apex Building Co., 104 N.J. Eq. 569.
"The primary object of section 64 is to condemn preferences made in the face of insolvency upon the assets of insolvent corporations so that they may be administered as a fund for the equal benefit of creditors." The statutory scheme would be defeated rather than effectuated, if a voidable transfer should be set aside for the benefit *Page 272 
of a single creditor instead of creditors as a class. The result would be merely to substitute one preference for another. When a preference which was accepted in good faith is set aside, the preferred creditor is not deprived of his dividend on the estate, but shares pari passu with other creditors in all assets including those he has been forced to surrender. Turp v.Dickinson, 100 N.J. Eq. 41; Schneider v. Hamilton Trust Co.,116 N.J. Eq. 55. This would be impossible if the property which was the subject of the preference were applied to the debt of a single creditor.
Our reports contain scores of cases in which a transfer has been challenged under section 64 by a representative of creditors for their common benefit, but I find only two decisions in which the statute has been successfully urged in behalf of a single creditor. In Reed v. Helois Carbide Specialty Co., 64 N.J. Eq. 231,
a foreclosure suit, and in Cope v. C.B. Walton Co.,77 N.J. Eq. 512; 79 N.J. Eq. 165, a municipal mechanics' lien proceeding, subordinate lienors successfully challenged prior liens created in disregard of the statute. Vice-Chancellor Backes, in the Active Mortgage Co. Case, supra, considered the construction of the section in Cope v. C.B. Walton Co. to be beyond the statutory scheme. It should be noted, however, in both cases the same result was achieved as if the transfers had been avoided by a receiver, namely, the holders of valid liens profited rather than general creditors.
When a creditor attacks a transfer in violation of section 64, he must do so for the equal benefit of creditors as a class. The decree will be for creditors generally. *Page 273