Higgins *v.* Gillesheiner.

HIGGINS, Receiver, *vs.* GILLESHEINER.

1. The right to impeach a conveyance of land made in fraud of creditors, is peculiar to creditors, and can never be exercised by a representative, except he sits in the seat of a creditor ; and, hence,

2. A receiver, appointed under the act to prevent fraudulent trusts and assignments, (that act not conferring upon him such right,) has no power to impeach a grant made by the debtor in fraud of creditors.

Argued on bill.

*Mr. J. E. Howell,* for complainant.

THE VICE-CHANCELLOR.

The complainant in this case is the receiver appointed by a Justice of the Supreme Court, at the instance of a judgment creditor, under the act to prevent fraudulent trusts and assignments. *Nix. Dig.* 297. The object of the bill is to annul certain conveyances of land alleged to have been made in fraud of creditors. It alleges the contraction of a debt by the defendant, Jacob Gillesheiner, to George M. Ryerson, on the 15th of October, 1873, the recovery of a judgment therefor by Ryerson in the Supreme Court, December 29th, 1874, the issuing and return of execution unsatisfied, and proceedings supplementary to execution, in which the complainant was appointed receiver. It is also alleged that, at the time this debt was contracted, the judgment debtor owned real estate, situate in the city of Newark, worth at least $15,000; which he and his wife, December 1st, 1873, conveyed to one Randolph, who, on the third day of the same month, re-conveyed it to the wife of the judgment debtor ; that, on the 14th of August, 1874, the judgment debtor and his wife conveyed the same lands to his brother, John Gillesheiner, who, on the delivery of the deed, executed a mortgage to the wife of the judgment debtor, to secure the payment of $12,000. Each of these conveyances, by appropriate averments, are

charged to have been made in fraud of creditors, and to be, therefore, void.

There can be no doubt, if the judgment creditor were the person asking relief, upon proof of the facts set out in the bill, it would be the duty of the court to nullify these conveyances, and decree a sale of the lands, or so much of them as would be sufficient to satisfy his judgment.

The question in this case is : · Has the complainant, as receiver, a right to have them nullified ?    In the absence of statutory provision, a receiver is a mere instrument or arm of the court, by which he holds the property in dispute for safe keeping and preservation ; he is not invested with the legal title ; he acts or refrains, as the court directs ; he is so purely the creature of the court, that the property he holds is esteemed to be *in custodia legis*.   It cannot be taken in execution, or attached, or his possession disturbed, because his possession is the possession of the court appointing him.   *Edwards on Receivers* 2 ; *Wilson* v. *Wilson*, 1 *Barb. Ch.* 594 ; 2 *Story's Eq. Jur.*, §§ 831, 833.

It is clear, therefore, that, unless the statute authorizing the complainant's appointment as receiver confers upon him the right to maintain this action, he cannot maintain it.   His right to appear here as a suitor, to impeach these conveyances, must appear in the law authorizing his appointment, or he has no such right.   So far as he is the representative of the judgment debtor, or claims under him, it is certain he is without standing or right in this court, for no principle of law is more firmly established, or more uniformly upheld by the courts, than that neither a fraudulent grantor, nor those who represent, or claim under him, will be allowed to impeach his grant.   As to them, it is valid ; creditors and purchasers alone have the right to assail it.

The complainant's rights and powers, as receiver, are contained in these words : " It shall be lawful for said judge to make order appointing a receiver of the property and things in action belonging, or due to, or held in trust for such debtor, at the time of issuing said execution, or at any time after-

wards, who thereby shall receive authority to possess, receive, and, *if need be*, in his own name, as such receiver, sue for such property, or things in action ;" and the money realized shall be applied in payment of the judgment, and the residue paid into the court wherein the judgment was recovered or docketed, to be there disposed of according to law. *Nix. Dig.* 298, § 26.

Now, I think it is quite obvious, the chief purpose of this enactment was to give judgment creditors an easy, speedy, and inexpensive mode of compelling judgment debtors to make discovery, and, if property was discovered, which could not be seized by execution, to enable them to have it applied, through the aid of a receiver, to the satisfaction of their debts ; but I regard it as equally clear, that it was no part of the legislative purpose to invest the receiver with the right of a creditor to impeach conveyances of land made in fraud of creditors. There was no necessity for such legislation ; creditors had already full, complete, and ample remedies. It must be observed, the right to sue is not unlimited ; the receiver may sue, *if need be ;* and, of the necessity, the court, and not the receiver, is to be the judge. This right of impeaching conveyances of land, made in fraud of creditors, is peculiar to creditors, and can never be exercised by a representative, except he sits in the seat of a creditor. In those states where an administrator has not been made, by statute, the trustee of creditors, where he stands simply as the representative of the intestate, he cannot impeach a grant made by his intestate in fraud of creditors, even for so just a purpose as raising assets to pay debts, because he is regarded as representing the intestate alone, and not as representing creditors. 1 *Am. Leading Cases* 43.

There is nothing in the language of this act indicating an intention to confer upon the receiver the creditor's right to avoid conveyances made to defraud him, or to invest him with the creditor's equity against the debtor's fraud. On the contrary, by the words of the act, he is to be the "receiver of the property and things in action belonging, or due

to, or held in trust for such debtor." He simply stands in the shoes of the debtor to appropriate the debtor's property to the payment of his debts. Property, real or personal, conveyed or transferred in fraud of creditors, does not belong to the debtor, nor is it held in trust for him; he is utterly disqualified from gainsaying such titles; but the trust in such cases is for the creditors. In my view, it is unimportant whether the word "property," as used in this statute, (it being followed and qualified by the words "things in action,") is broad enough to embrace land or not, for if it should be held to do so, still the receiver would not have the essential qualification necessary to give him a standing in this court, to wit, a creditor's equity against his debtor's fraud.

My conclusion is, the complainant cannot maintain this action, and his bill must therefore be dismissed.