CORNELIA WHEEDON, administratrix, &c., appellant,

*v.*

AUSTIN NICHOLS et al., respondents.

[Argued October 16th, 1906.  Decided December 26th, 1906.]

1. A personal representative, administering an insolvent estate under the statute, may present his own claim against the estate, and, unless it is made to appear to be dishonest or fraudulent, may be admitted to participate in the distribution of the assets on the same footing as other creditors.

2. When a claim against an insolvent estate is excepted to, the orphans court has jurisdiction to adjudicate thereon, unless the claimant elects to proceed against the personal representative at law or in equity. When such election is made by a third party the personal representative is not bound to interpose the bar of the statute to limitations.

3. As a personal representative who has presented his own claim against the estate cannot elect to proceed at law or in equity against himself, the jurisdiction of the orphans court cannot be taken away; but if the claim of the personal representative against the estate is not made to appear to be dishonest or fraudulent, the orphans court cannot disallow it solely on the ground that the statute of limitations has run against it.

———

On appeal from Monmouth county orphans court.

*Mr. Acton C. Hartshorne,* for the appellants.

*Mr. Henry M. Lummis,* for the respondents.

MAGIE, ORDINARY.

This is an appeal from an adjudication of the Monmouth county orphans court made upon the following case.

The estate being administered was insolvent, and the administratrix (who was the mother of the intestate) filed her statement of the assets and claims, and included among such claims one made by herself against the estate. Creditors excepted to her claim, and when the matter came on for hearing before the orphans court the exception was allowed, and the claim of the administratrix was disallowed. This is the adjudication complained of.

On the part of the respondents it is first contended that there was no proof made before the orphans court that the note of the intestate, which was the subject of the claim of his administratrix, had been made by him and delivered to his mother. The proofs before the orphans court do not seem to be contained in the state of the case. If they were preserved they ought to have been included therein. But I think this objection cannot be successfully interposed. The conclusions of the judge of the orphans court declare that the exception interposed was to the allowance of a note made by the intestate, and held by his mother, the administratrix, and that the note is for the sum of $800, and bears date November 1st, 1895. The note must therefore have been produced by the administratrix, and the presumption is that it was proved to be the note of the intestate. The administratrix producing it was entitled to be paid the amount of it, unless the objections on which the orphans court disallowed it ought to prevail.

The court found that the intestate died June 24th, 1903. This is conceded to be correct. The statute of limitations had, therefore, run against the note before the death of the intestate, if the note was payable on demand (as is claimed), and proper demand had been made within a reasonable time. What, in fact, was the due day of the note has not been made to appear. The finding of the orphans court judge was that the note was barred by the statute of limitations, and that, in the absence of proof that something was done by the intestate to take the note out

of the statute, the administratrix had no right to claim its allowance with the other claims against the estate, or to waive the statute of limitations in favor of her own claim, when the estate was being administered as an insolvent estate.

If an estate is solvent, it admits of no doubt that a personal representative may waive the statute of limitations as to any claim of a third person, and be allowed in his accounts for the payment of a claim against which the statute had run. *Pursel v. Pursel, 14 N. J. Eq. (1 McCart.) 526; First National Bank v. Thompson, 61 N. J. Eq. (16 Dick.) 202; Vreeland v. Vreeland's Administrator, 16 N. J. Eq. (1 C. E. Gr.) 528.*

A personal representative may also acknowledge an obligation against which the statute has run, or promise to pay the obligation so as to take the case out of the statute, provided the acknowledgment or promise is made in conformity with the provisions of the statute. *Hewes v. Hurff, 69 N. J. Law (40 Vr.) 263.*

When the personal representative has a claim against the estate which he is administering, it is impossible for him to enforce the claim by action at law or in equity. In such case it is well settled that he may exercise the right of retainer for the satisfaction of his claim if the claim be honest. If the indebtedness was originally honest, it is not rendered dishonest by the running of the statute for the prescribed period. As such a representative may, with impunity, decline to interpose the bar of the statute against an honest debt remaining unpaid, I think he may exercise the right of retainer to satisfy his own claim if of that character. Of course, in such cases, the action of the personal representative diminishes the estate to the injury of the residuary or other legatees or the next of kin.

It is insisted in argument that, because the estate is insolvent, the right of a personal representative in respect to his claim upon the estate is different from his right in respect to a claim upon a solvent estate.

It admits of no doubt that the personal representative cannot retain the whole of his claim as against other creditors. He must come in on an equality with other claimants of the same degree. *Dolman v. Cook, 14 N. J. Eq. (1 McCart.) 56.*

The administration of an estate which is insufficient to pay all the debts of the deceased owner is now governed by the provisions of the subdivision of the Orphans Court act of 1898, entitled "Insolvent estates," and contained in section 99 *et seq. P. L. 1898 p. 752.* By those provisions any claim properly presented to the personal representative of the estate must be reported by him to the orphans court, and may be excepted to by the personal representative or by any person interested. If excepted to the orphans court may hear proofs and decree and determine in regard to such claim, unless the claimant elects to proceed against the personal representative by action at law or suit in equity, which he is permitted to do under section 105 of said act.

If the claimant whose claim is excepted to is a third party, and elects to proceed at law or in equity, the personal representative is not bound to interpose the statute of limitations as against the claim if he admits it to be honest. There is no provision in the act by which the exceptant, or any others, may compel the personal representative to interpose the statute. Nor is there any provision that permits the exceptant, or any others, to intervene in the action at law or suit in equity and make defence to the claim.

When the personal representative is himself a claimant upon the estate, of course no action at law or in equity can be brought.

If a personal representative cannot be compelled by the exceptant to a claim upon an insolvent estate, to interpose the statute against the claim of a third person, there seems no valid reason why the statute should be held to operate as a bar to an honest claim of the personal representative, which is necessarily tried before the orphans court. It is true that the admission of the claim, notwithstanding the statute has run against it, will diminish the dividend to the other creditors; but such would be the result if, in an action at law brought by a claimant under section 105, the personal representative did not interpose the bar of the statute. The creditors have no greater rights than have legatees or distributees of a solvent estate, whose interests are diminished by the failure of the personal representative to set up the statute. It is doubtless true that, in some states, a dif-

ferent view has been taken, but my examination of those cases indicates that the legislation in those states is different from ours.

In *Pursel* v. *Pursel, ubi supra,* Henry W. Green, ordinary, approved the disallowance in the account of an executor of a credit claimed for a book-account of the executor against the testator, because the bulk of it was barred by the statute of limitations in testator's lifetime, and the proofs raised every presumption against the justice of any part of the claim. The statement that the claim was barred by the statute was, of course, inadvertent, for the statute only bars the action if interposed by the plea or otherwise. What that learned judge intended to express was undoubtedly this, viz., that the claim of the executor upon the estate of the testator was unjust and dishonest, one ground for such determination being the fact that if the claim had been sued on in the lifetime of testator he could have interposed the bar of the statute. But, obviously, that ground would not have operated upon the rest of the claim, and there were other circumstances that convinced him that the whole claim was dishonest.

In the case in hand the note claimed by the administratrix was dated more than six years before the maker's death. It is said to have been payable on demand. Whether the statute had run against it at his death does not appear from the proofs in the case printed. If it did appear it would not, without other proof, justify the inference that the claim was dishonest, and, so far as appears, there was no other proof.

It results that the decree appealed from must be reversed and the administratrix's claim must be decreed to be admitted and allowed.