THE SECOND WORKINGMEN'S BUILDING AND LOAN ASSOCIATION
OF NEW BRUNSWICK, NEW JERSEY,

*v.*

ELLA CECELIA WICKERS et al.

[Decided September 3d, 1914.]

1. .In a suit to foreclose a mortgage where a person is made a party defendant because of holding a judgment against the mortgagor, which judgment is by the bill alleged to be a lien upon the mortgaged premises, such judgment-creditor-defendant has no standing to move to strike out parts of answers filed, one by a married woman co-defendant without her husband joining her therein, and another by other co-defendants, both setting up that the judgment is pretended, was improvidently recovered and entered, is not a lien upon the mortgagor's property, is insufficient and raises no ʰdefence, and amounts to a collateral attack upon the judgment.

2. While formerly when a married woman put in an answer separately from and without her husband joining her, and without leave of the court therefor, such irregularity could only be objected to by the complainant to whose bill the answer was responsive. A co-defendant having no interest whatever in the question could not make the objection; but now, under the provisions of rule 219 of this court a married woman, party defendant in any cause, may appear by solicitor and file an answer, plea, demurrer or other pleading, in her own name, separately from her husband, and without any special order therefor.

3. The test as to whether a party to a chancery suit may demur to a bill of complaint, or move to strike out an answer in the nature of a cross-bill, or put in exceptions to an answer, must be, whether or not, in the alternative, the party objecting could answer the pleading.

4. To an answer in the nature of a cross-bill, the complainant in the original bill, or a co-defendant against whom it is preferred, as the case may be, is required to answer by a special replication, or move to strike out in lieu of demurring.

5. The doctrine that a judgment pronounced by a court of competent jurisdiction is final and conclusive between the parties to it with respect to all matters put in issue in the case in which it is recovered, and must stand and be so treated everywhere, unless and until it is set aside by the court which pronounced it, or is reversed in direct appellate proceeding, does not operate to prevent proceedings in equity to set aside a judgment as fraudulent or collusive.

6. Insufficiency means that a portion of the bill of complaint has not been answered, to which portion the complainant is entitled to an answer, and does not mean that the answer is insufficient in the sense that it presents no equitable defence.

On bill, &c. On motions to strike out parts of answers.

*Mr. Theodore Strong,* for the motions.

*Mr. John P. Kirkpatrick, contra.*

WALKER, CHANCELLOR.

The bill is one to foreclose a mortgage given by Ella Cecelia Wickers and Albert George Wickers, her husband, and recites that they, being indebted to the complainant in the sum of $1,600, made the bond and mortgage set out in the bill. Then follows an allegation that on September 15th, 1911, the National Bank of New Jersey recovered a judgment against Ella C. Wickers, Albert George Wickers and others in the supreme court for $1,241.69, by virtue of which the bank claims a lien upon the mortgaged premises, but that the judgment was obtained subsequent to, and with full notice of, the complainant's mortgage, and if a lien upon the mortgaged premises, is subsequent to the encumbrance of the complainant's mortgage. The bill then alleges that on November 1st, 1912, Mr. and Mrs. Wickers executed another mortgage on the same premises to Israel Marx for $300; that the Marx mortgage was executed and registered subsequent to the complainant's mortgage and with full notice, and if an encumbrance upon the mortgaged premises, is subsequent to the encumbrance of the complainant's mortgage. Then follows an allegation of another mortgage made by Mr. and Mrs. Wickers to Israel Marx, February 1st, 1913, for $200, subject also to the priority of complainant's mortgage. Marx died and his widow was made executrix, and, she dying, the defendants Price, Wolfson and Plechner were appointed and qualified as substituted administrators *cum testamento annexo.*

The defendant the National Bank of New Jersey filed a notice that it desires to have its judgment set forth in the bill, reported upon by the master to whom the cause may be referred.

The defendant Ella Cecelia Wickers, without her husband joining her, filed an answer to the complainant's bill in which, among other things, she avers:

"And this defendant further answering admits that there appears of record in the office of the Clerk of the Supreme Court of the State of New Jersey, a certain pretended judgment recovered by the National Bank of New Jersey against this defendant, George Wickers, Henry Weidenhaupt and C. F. Wickers, for the sum of Twelve Hundred forty-one and 69/100 dollars or some other sum as this defendant is informed, but this defendant charges and insists that said judgment was improvidently recovered and entered and that the same is not a lien upon or an encumbrance against any property of this defendant."

The defendants Price, Wolfson and Plechner filed an answer making the same averment with reference to the bank's judgment.

The defendant the National Bank of New Jersey moves to strike out those answers. As to that of Mrs. Wickers because— first, she answered without her husband joining her and without leave of the court for that purpose obtained, and second, because the averment that the judgment is pretended, was improvidently recovered and entered, and is not a lien upon the defendant's property, is insufficient and raises no defence, and amounts to collateral attack upon the judgment. As to the answer of Price, Wolfson and Plechner, because the averment concerning the judgment amounts to collateral attack.

It may be that the answer of Mrs. Wickers would formerly have been irregular, because put in separately by the wife without her husband joining her, and without leave of the court therefor (*Dick. Ch. Prec. 82, note "a,"* and cases cited; also *McDermott* v. *French, 15 N. J. Eq. 78*) ; but that could only have been objected to by the complainant, to whose bill it is responsive, the defendant the National Bank of New Jersey having no interest whatever in that question. But now, under the provisions of rule 219 of this court, a married woman, party defendant in any cause, may appear by solicitor and file an answer, plea, demurrer or other pleading. in her own name, separately from her husband and without any special order therefor. And, furthermore, whatever the character of these answers with reference to the point made against them, to the effect that the attack on the judgment is collateral, the defendant who objects to them has no standing to make the attack. And for these reasons:

The averments in the answers are directed to an allegation of the complainant's bill.  The defendant the National Bank of New Jersey has filed no pleading in the case against which this attack is leveled by a co-defendant.

If either of the defendants, Mrs. Wickers or Price, Wolfson and Plechner, had filed an answer in the nature of a cross-bill against their co-defendant, the National Bank of New Jersey, alleging the judgment recovered by it against Wickers and others to be void, and praying that it be set aside in favor of their encumbrances, then the bank would have had standing to make the objection that it now levels against an answer not preferred to any pleading or allegation which it makes, but put in only to the bill filed by the complainant, another party; because in such case the motion would have been tantamount to a demurrer to a cross-bill.  *Westervelt* v. *Ackerson. 85 N. J. Eq. 43.*

The test as to whether a party to a chancery suit may demur to a bill, or move to strike out an answer in the nature of a cross-bill, or put in exceptions to an answer, must be, whether or not, in the alternative, the party objecting could answer the pleading. A defendant is required to plead, answer or demur to a bill of complaint.  A complainant is required to reply to an answer or file exceptions to it for scandal, impertinence or insufficiency. To an answer in the nature of a cross-bill, the complainant in the original bill or a co-defendant against whom it is preferred, as the case may be, is required to answer the pleading by a special replication, or may move to strike it out in lieu of demurring. Beyond this, neither the rights nor the obligations of the parties go.  And, measured by this test, a defendant may neither except to a co-defendant's answer nor move to strike out an answer in the nature of a cross-bill, not directed to him.  And, further, measured by this test, the motions to strike out in this case are misconceived.

Of course, a judgment pronounced by a court of competent jurisdiction is final and conclusive between the parties to it, with respect to all matters put in issue in the suit in which it is recovered, and it must stand and be so treated everywhere, unless and until it is set aside by the court which pronounced it, or is reversed in direct appellate proceedings.  See *National Docks Co.*

v. *Pennsylvania Railroad Co., 52 N. J. Eq. 58, 61.* But that does not prevent a proceeding in equity to set aside a judgment as fraudulent or collusive. See *N. J. Dig., tit. "Judgment," 9 Equit. Rel.* §§ *150, 151,* and cases cited.

The answering defendants claim that under the authority of *Brantingham* v. *Brantingham (Chancellor Williamson, 1858), 12 N. J. Eq. 160,* they are entitled to set up in answers in a foreclosure suit, that a judgment recovered against the mortgagor in another court, which would displace their lien or interest, is invalid, at least as against such lien or interest.

Apparently, Mrs. Wicker's only interest in averring the invalidity of this judgment is, that if there should be any surplus money arising from the sale of the mortgaged premises after the payment of the complainant's mortgage and the two Marx mortgages, all of which she admits are valid liens, she would be entitled to the remainder, without its being tolled to pay the bank's judgment. And, quite apparently, the interest of the defendants Price, Wolfson and Plechner, in averring the judgment to be invalid, is to put themselves in position to reach the surplus after the payment of the complainant's mortgage, although they do not aver, in terms, that by reason of the invalidity of the judgment their mortgages are to be advanced in priority over it.

These averments in the answers of Mrs. Wickers and of Price, Wolfson and Plechner are apparently within the practice laid down in *Brantingham* v. *Brantingham, supra,* except that the averments before me may, in and of themselves, be insufficient (by reason of meagreness and lack of detailed facts) to raise the issue that the defendants seek to import into the case. But, as to that, no decision is necessary.

The motions to strike out in this case are tantamount to exceptions to an answer, which may be taken for scandal, impertinence or insufficiency. I cannot better describe the situation on this head in the case at bar than to quote the language of Vice-Chancellor Reed in *Steepy* v. *Public Service Corporation, 65 N. J. Eq. 529* (at *p. 530*), where he said:

"I do not perceive that the answer is obnoxious to an exception upon either of these grounds. It is not scandalous, nor impertinent, nor insufficient, in the sense in which that word is used in

this connection.  Insufficiency means that a portion of the bill has not been answered, to which portion the complainant is entitled to an answer.  It does not mean that it is insufficient in the sense that it presents no equitable defence."

Subjected to this test, it will be seen at a glance that the answer, in the respect objected to, is not insufficient.  Therefore, the motions to strike out cannot prevail.  But, moreover, as already stated, such motions, if well founded, could only be made by the complainant, to whose bill the answers are responsive. They cannot be made by a defendant against a co-defendant whose pleading in response to the complainant's makes an averment that the objecting defendant's encumbrances are invalid. The encumbrancer thus assailed is in no worse position than as if his co-defendant made a verbal statement to the same effect.  He would not be obliged to answer either, and, consequently, would be bound by neither.

As the defendant the National Bank of New Jersey had no standing whatever to make the motions to strike out the answers under consideration, quite aside from the defendants' right to plead as they did, both motions must be denied, with costs.