The defendants Carrie and Tony Zeltorowicz seek an order striking out the answer and counter-claim of their co-defendant, Michalina Zalenski, executrix of the estate of Stanley Luzinski, deceased.
It is at once observed that the answer of the co-defendant is solely responsive to the charges of the bill of complaint. It is not pointed at the defendants who now undertake to impugn its sufficiency. The motion in so far as it is addressed to the answer of the co-defendant is misconceived and must be denied.Second Workingmen's Building and Loan Association v. Wickers,83 N.J. Eq. 397; 91 Atl. Rep. 897.
The motion to strike the counter-claim is in order. The counter-claim of the executrix is sought to be prosecuted against Mr. and Mrs. Zeltorowicz, who indubitably may exercise their opportunity to challenge its sufficiency. This motion projects for decision the following question: In the absence of statutory authority, can an executrix of a grantor who voluntarily conveyed his real estate in fraud of his creditors and whose estate is consequently insolvent, maintain a suit in this court against the grantees to set aside and nullify the fraudulent conveyance?
Principles of morality and considerations of public policy have constrained courts of equity to deny its remedies to a complainant who has been guilty of bad faith, fraud, or *Page 83 
unconscionable acts in the transaction which constitutes the basis of his suit. Blaine v. Krysowaty, 135 N.J. Eq. 355;38 Atl. Rep. 2d 859. Therefore, transfers of property accomplished in fraud of creditors are characterized as invariable and constant between the parties and their heirs and legal representatives. Hildebrand v. Willig, 64 N.J. Eq. 249;53 Atl. Rep. 1035. Accordingly the representative of a deceased fraudulent transferor whose estate is solvent is unable to recover the property so transferred for the aggrandizement of the estate and for the profit of the decedent's legatees or distributees. Cf. R.S. 25:2-3; N.J.S.A. 25:2-3; Lieb v.Griffin, 147 Atl. Rep. 634.
No one, however, can doubt the power of this court to invalidate such transfers at the instance of victimized creditors. Haston v. Castner, 31 N.J. Eq. 697; Currie v.Knight, 34 N.J. Eq. 485. It follows that although the transferor does not retain the right to recover the property, he does not by the pursuit of his fraudulent purpose vest in the transferee an absolute ownership immune from the attacks of creditors who are thereby defrauded. Each creditor is permitted to explore the transfer in quest of deception injuriously practiced upon him. The fraud does not defile the hands of innocent creditors. Vide, Hurwitz v. Hurwitz, 136 Fed. Rep.
2d 796; Finnegan v. La Fontaine, 122 Conn. 561;191 Atl. Rep. 337. If the estate of the transferor is insufficient to pay the creditors, why should the executor or administrator charged with the duty to pay the decedent's debts be denied the privilege of asserting in the one suit the rights of all creditors otherwise qualified to attack the transfer and the right to recover from assets fraudulently transferred, at least an amount necessary to discharge their claims?
Those who have engaged in congregating the pertinent authorities declare that the majority of courts hold that in the absence of statute, the personal representative of a deceased transferor of property does not represent creditors for the purpose of impeaching a fraudulent transfer, even though the estate of the transferor is insolvent. 24 Am. Jur. 290 § 151; 50L.R.A. (N.S.) 320; 91 A.L.R. 135; 2 Lawrence, Equity Jur., §688. Courts of several jurisdictions *Page 84 
have announced an exception to the general rule where the decedent's estate, as here, is insolvent. Citations in note 12,24 Am. Jur. 290; note (1936) 45 Yale L.J. 504, 511.
I have resolved to adopt the minority view. First, I am unable to concur in the premise that executors and administrators in the discharge of their duties are never representatives of the creditors of their decedent. The insolvency of the estate frequently casts upon the executor or administrator duties, the performance of which is designed and accomplished in large measure and often entirely for the benefit of the creditors, notably the sale of the decedent's real estate to pay debts.R.S. 3:25-62; N.J.S.A. 3:25-62. Secondly, I cannot entertain the persuasion that the maxim of unclean hands has any application to one who seeks only to enforce the rights of innocent creditors who have been wrongfully prejudiced by the deception of the deceased transferor, whose debts should be discharged, if possible, in the administration of his estate. Thirdly, I am devoted to the conviction that this court should within the boundaries of its jurisdiction make itself as useful and serviceable to the expeditious solution of litigious controversies as the processes of its functions will permit. The singleness of the administration of an estate in such particulars is assuredly preferable to a multiplicity of suits by individual creditors. Cooley v. Brown, 30 Iowa 470, 473. Fourthly, although the factual circumstances did not invoke such a ruling, the dictum noticeable in the opinion of Vice-Chancellor Grey inSchwalber v. Ehman (1901), 62 N.J. Eq. 314;49 Atl. Rep. 1085, has undoubtedly generated the assumption by the members of our bar that this court, if required to definitely decide the point, would conclude that where the estate is insolvent an administrator asserting the rights of the decedent's creditors may, to the extent necessary to pay them, recover assets fraudulently transferred by the deceased in his lifetime. See, also, Higgins v. Gillesheiner, 26 N.J. Eq. 308; Lembeck BetzEagle Brewing Co. v. Kelly, 63 N.J. Eq. 401; 51 Atl. Rep. 794;Bose v. Meury, 112 N.J. Eq. 62; 163 Atl. Rep. 276;Central-Penn, c., Bank v. New Jersey Fidelity, c., Co.,119 N.J. Eq. 265; 182 Atl. Rep. 262; Borg v. McCroskery, 120 *Page 85 N.J. Eq. 80; 184 Atl. Rep. 187; Federal Reserve Bank ofPhiladelphia v. Welch, 122 N.J. Eq. 90; 192 Atl. Rep. 431.
There is no cogent reason to overthrow that accepted impression of our law.
It is therefore my conclusion that an executor or administrator of a fraudulent transferor may sue in this court to recover the property transferred to the extent necessary to pay the claims of the defrauded creditors, where the estate is insolvent and where the creditors have not already enforced their rights.
The motion to strike the counter-claim is denied. *Page 86