Counsel advocating the present application represents it to be "one of novel impression both in the State of New Jersey and in the country at large." Its oddity seems to be more conspicuous than its perplexity. *Page 201 
A summarized statement of the antecedent circumstances is indispensable. The complainant in the status of a judgment creditor instituted this cause to nullify a deed of conveyance dated October 16th, 1939, alleged to have been fraudulently made by the judgment debtor, Stanley Luzinski, to one Carrie Zeltorowicz. Other relief irrelevant to the present application was also sought. During the pendency of the suit Luzinski died, and his executrix, Michalina Zalenski, became a substituted party defendant. In her representative capacity as executrix of the decedent's estate she filed a counter-claim against the co-defendant Zeltorowicz in which she also assailed the conveyance as having been made in fraud of the decedent's creditors.
It was in that exigency that the right of the executrix of an alleged fraudulent grantor, in the absence of statutory authority, to impeach such a transfer was impugned by a motion to strike the counterclaim. 136 N.J. Eq. 81; 40 Atl. Rep. 2d357.
After alluding to the conflicting state of the authorities in other jurisdictions, I stated (on p. 84): "I have resolved to adopt the minority view. First, I am unable to concur in the premise that executors and administrators in the discharge of their duties are never representatives of the creditors of their decedent. The insolvency of the estate frequently casts upon the executor or administrator duties, the performance of which is designed and accomplished in large measure and often entirely for the benefit of the creditors, notably the sale of the decedent's real estate to pay debts. R.S. 3:25-62; N.J.S.A. 3:25-62.
Secondly, I cannot entertain the persuasion that the maxim of unclean hands has any application to one who seeks only to enforce the rights of innocent creditors who have been wrongfully prejudiced by the deception of the deceased transferor, whose debts should be discharged, if possible, in the administration of his estate. Thirdly, I am devoted to the conviction that this court should within the boundaries of its jurisdiction make itself as useful and serviceable to the expeditious solution of litigious controversies as the processes of its functions will permit. The singleness of the administration of an estate in such particulars *Page 202 
is assuredly preferable to a multiplicity of suits by individual creditors. Cooley v. Brown, 30 Iowa 470, 473. Fourthly, although the factual circumstances did not invoke such a ruling, the dictum noticeable in the opinion of Vice-Chancellor Grey inSchwalber v. Ehman (1901), 62 N.J. Eq. 314;49 Atl. Rep. 1085, has undoubtedly generated the assumption by the members of our bar that this court, if required to definitely decide the point, would conclude that where the estate is insolvent an administrator asserting the rights of the decedent's creditors may, to the extent necessary to pay them, recover assets fraudulently transferred by the deceased in his lifetime. See, also, Higgins v. Gillesheiner, 26 N.J. Eq. 308; Lembeck BetzEagle Brewing Co. v. Kelly, 63 N.J. Eq. 401; 51 Atl. Rep. 794;Bose v. Meury, 112 N.J. Eq. 62; 163 Atl. Rep. 276;Central-Penn., c., Bank v. New Jersey Fidelity, c., Co.,119 N.J. Eq. 265; 182 Atl. Rep. 262; Borg v. McCroskery, 120 N.J. Eq. 80; 184 Atl. Rep. 187; Federal Reserve Bank of Philadelphia
v. Welch, 122 N.J. Eq. 90; 192 Atl. Rep. 431. There is no cogent reason to overthrow that accepted impression of our law." The motion to strike the counter-claim was accordingly denied.
It was also during the pendency of the complainant's cause that an immediate conversion of the real estate into cash was regarded by all parties to be prudent and advantageous. The property was sold and the proceeds entrusted pendente lite to this court.
On the date designated for the final hearing of the cause a cessation of hostilities between the complainant and the defendants occurred by virtue of a conciliatory agreement pursuant to which the complainant accepted from the fund in court the sum of $3,150 "in full and complete satisfaction" of his judgment at law and of his interest in the present cause. The bill has been dismissed "without prejudice" to the prosecution of the counter-claim. The destiny of the balance of the fund remains in controversial doubt.
Conflict has now originated on another field. It was known on the occasion of the compromise of the complainant's claim that one Stanislaw Wojnarowski held a bond and mortgage *Page 203 
deficiency claim against the alleged fraudulent grantor which, however, had not been prosecuted toward judgment within the time limited by our applicable statute. R.S. 2:65-7.1; N.J.S.A.2:65-7.1. That creditor nevertheless filed his claim with the executrix who upon the submission of her account for approval appears to have allowed it. The defendants to the counter-claim, Carrie Zeltorowicz, the alleged fraudulent grantee in this cause, and her husband, have presented to the Middlesex County Orphans Court an exception to the failure of the executrix to invoke the statute of limitations and to her affirmative allowance of the claim.
Thus, the eventualities have supplied a fund on deposit in this court from the sale of the property of an alleged fraudulent grantor which the alleged fraudulent grantee, the executrix of the grantor, and a creditor of the alleged fraudulent grantor whose claim can be barred from recovery by the averment of the statute of limitations, each seeks to capture in whole or in part.
I accede to the assertion that it is not to be conclusively understood that in the negotiations resulting in the settlement of the complainant's cause of action, the alleged fraudulent grantee acknowledged that the conveyance to her was in fact made without consideration and in an effort deceitfully to frustrate the recovery of the claims of the creditors of the grantor. Yet, it is evident that guided by the advice of competent counsel, the grantee preferred to pacify the complainant rather than to exchange blows with him.
Counsel for the alleged fraudulent grantee returns to this court for an order, the tendency of which can be revealed most accurately by a quotation, verbatim et literatim, from the notice of his motion:
"1. Determining whether statements made in open court March 26th, 1945, by counsel respectively for the parties hereto which were not followed by a draft filed in the cause, constitute any binding agreement or stipulation among the parties hereto.
"2. Fixing and determining the draft of stipulation, based upon said statements, to be filed herein. *Page 204 
"3. Fixing and determining the limitations, if any, upon the authority of Michalina Zalenski, executrix in the estate of Stanley Luzinski, deceased, respecting the reception, admission, and allowance of claims of creditors against the estate of said Stanley Luzinski, deceased and fixing and determining the extent of the rights of Carrie Zeltorowicz, Tony Zeltorowicz, and Adam Kuchronko, to cross-examine creditor-claimants, in said estate, and the procedure for such cross-examination.
"4. Determining that the right and authority of said Michalina Zalenski, executrix in the estate of Stanley Luzinski, deceased, to recover any portion of the property alleged to have been fraudulently transferred by the said Stanley Luzinski, deceased, in his lifetime, be allowed only to the extent necessary to pay the claims of creditors of said estate which are valid in all respects, and not outlawed by any statute of limitations at law.
"5. Determining that the said Michalina Zalenski, executrix as aforesaid, be restricted and enjoined from waiving the statute of limitations in allowing any claim presented to her as aforesaid executrix, in so far as the claims allowed by her as executrix aforesaid are asserted, or to be asserted, as the basis of her counter-claim filed herein."
In pondering the application there are some nethermost premises which meet with notice and attention. Assuredly, the Orphans Court is invested with replete power critically to examine the account of an executrix and meticulously to inquire into the propriety of the allowance of the claims of creditors. R.S.3:25-59; N.J.S.A. 3:25-59. If an executrix disputes an unestablished claim and refuses to pay it, the Orphans Court cannot compel her to allow it in her account. R.S. 3:25-8;N.J.S.A. 3:25-8. But if the executrix admits the claim and prays allowance for it in her account, the claim is not a disputed one within the rule and falls properly within the jurisdiction of the Orphans Court. And so, if a claim is allowed by an executrix as a result of collusion with the claimant in order to withdraw cognizance of its unfounded character from the courts of law or equity, the allowance of the claim in the account of the executrix *Page 205 
is exposed to exception, and thus its propriety is brought within the jurisdiction of the Orphans Court. Vreeland v. Vreeland'sAdmr., 16 N.J. Eq. 512, 528. Can or should the exercise of that jurisdictional power expressly conferred by legislation upon the Orphans Court be collaterally restricted or abridged by an order of this court in a cause in which the creditor whose claim the executrix resolved to allow was not a party or in an effort to effectuate some asserted stipulation in this cause between other parties whose respective rights, inter sese, were here solely involved? I think not.
It seems to be theorized in support of the application in this court that Wojnarowski is not a creditor in whose interest the executrix is privileged to act in the administration of the decedent's estate because of the restricted capacity in which she was permitted to maintain her counter-claim in the present cause.
The erroneous notion is sometime entertained that the statute of limitations of actions, when applicable, absolutely extinguishes the debt. Not so. The function of the statute is merely to bar an action for the recovery of the debt and then only when the statute is invoked by answer or otherwise. And so it is that an executrix is not obliged to plead or otherwise interpose the statute of limitations and thus reject and exclude a just and honest debt. Pursel v. Pursel, 14 N.J. Eq. 514;Vreeland v. Vreeland's Adm'r, supra; First National Bank v.Thompson, 61 N.J. Eq. 188; 48 Atl. Rep. 333; Wheedon v.Nichols, 72 N.J. Eq. 366; 65 Atl. Rep. 445; In re Winter,136 N.J. Eq. 112; 40 Atl. Rep. 2d 648.
I pose another question. Can a fiduciary, such as an executrix, whose administrative acts are by law under the supervision of the Orphans Court, enter into an extra-judicial stipulation which will effectively remove the propriety of her allowance or disallowance of claims from the determination of that court? Again, I think not.
I am of the opinion that the inquiry into whether the allowance of the claim by the executrix is proper in all the circumstances or whether her allowance of the claim is motivated by some corrupt and mischievous conspiracy with the *Page 206 
creditor, is a matter appropriately within the cognizance of the Orphans Court.
Furthermore, it is not evident that the factual foundation upon which the asserted equity of the present application is sought to be erected is stable and secure. In the negotiations among counsel eventuating in the settlement of the complainant's claim, certain proposed terms concerning which counsel were unable to agree were discussed before me in open court. I have now at hand a transcript of the remarks then expressed, in which I observe that the one provision to which the solicitor (Mr. Felix Rospond) of the executrix-counter-claimant would not accede was that which sought to oblige the executrix to reject in her accounting the Wojnarowski claim as uncollectable by reason of the bar of the statute of limitations. I quote the significant response of Mr. Spritzer: "As I understand it now, your Honor, Mr. Rospond is unable to guarantee or make any representation or assurance that the executrix will invoke the statute of limitations, and I am taking the stipulation on that basis, and I so take it." Too late to grieve when the chance has passed.
The application is denied. *Page 207