120 N.J. Super. 538 (1972)
295 A.2d 367
GOLDA ZOFFER, PLAINTIFF-RESPONDENT,
v.
NANCY CRANE AND UNITED STATES FIRE INSURANCE COMPANY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1972.
Decided October 4, 1972.
*539 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Martin Bloom argued the cause for appellants.
Mr. Isaac C. Ginsburg argued the cause for respondent (Messrs. Feinberg & Ginsburg, attorneys).
PER CURIAM.
Defendants appeal from an order granting plaintiff summary judgment in the amount of $1,000.
We affirm. The record fully supports the trial court's determination that the undisputed facts appearing in the affidavits submitted established that the representative of defendant insurance company had offered to settle plaintiff's negligence action for $1,000 and that there had been a timely acceptance of that offer.
Defendants do not argue that more than a reasonable time had elapsed between the date of the offer, March 26, 1970, and the acceptance on August 5, 1970 so that the acceptance came too late. Their reliance is on the contention that by force of the two-year statute of limitations, once more than two years had elapsed since the accident, which had occurred on June 4, 1968, there no longer was any consideration for their promise to settle and that therefore the promise was unenforceable. The contention is set forth as follows in defendants' brief:
It is the contention of this defendant that a consideration for an offer made by the insurance carrier was the potential liability of the claim against its assured. When the Statute of Limitations had expired there no longer was any consideration for such offer, and therefore plaintiff was not in the position to accept the same.
*540 The contention lacks merit. It ignores the uncontradicted statement in the affidavit submitted on plaintiff's behalf that the insurance company's representative "held out to me that the offer could be accepted at any time." Further, it is bottomed on an assumption, contrary to settled law, that expiration of the applicable period of the statute of limitations extinguished plaintiff's substantive rights arising by reason of the injuries sustained by her in the automobile accident, rather than operating merely on the remedy. Cf. Duttkin v. Zalenski, 140 N.J. Eq. 200, 205 (Ch. 1947); 51 Am. Jur.2d, Limitation of Actions, § 22 at 606 (1970).
Despite the expiration of the statutory period, the substantive right continued to exist so that a promise to pay a sum in settlement thereof is enforceable without an independent consideration. Cf. State v. Standard Oil Co., 5 N.J. 281, 295 (1950), aff'd sub nom. 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951).
The judgment is affirmed.