NOEL VENDERHAISE *vs.* CHARLES A. HUGUES and others.

Where a deed of conveyance, absolute in its form, was made, and the grantee executed a covenant, bearing even date, to reconvey upon the payment of a certain sum within a specified period, and it appeared that the deed was intended as a mortgage to secure certain loans, *held*—

1. That the grantor was entitled to redeem.
2. That the grantee of the premises should account for the rents.
3. That credit should be given to the grantee for necessary repairs, costs of insurance, and lasting improvements, but no allowance for renting or taking care of premises.

*Winfield*, for complainant.

*Boyd*, for defendants.

THE CHANCELLOR.   On the 25th of November, 1856, Noel Vanderhaise and Maria his wife, by deed of bargain and sale, conveyed to Charles A. Hugues, the defendant, a parcel of land, consisting of four adjacent lots in Hudson City, with the improvements thereon. By a covenant, bearing even date with the deed, Hugues, the grantee, covenanted with the grantor, at the expiration of three years from the date of the defeasance, upon the repayment by Vanderhaise to Hugues of the sum of $3000, with interest at seven per cent. from the 2d day of October, then last past, to reconvey the premises to Vanderhaise. At the time of the execution of these instruments, Hugues held a bond and mortgage from Vanderhaise upon the same premises to secure the same loan.

On the 15th of May, 1858, Vanderhaise, having purchased of Charles Kupner two other lots adjoining the premises conveyed as aforesaid to Hugues for $350, and paid $100 on account, Kupner conveyed the premises in fee to Hugues, upon his paying $250, the balance of the purchase money.

It appears satisfactorily by the evidence, that as well the

sum of $250 as the sum of $3000, thus advanced by Hugues, were loans to Vanderhaise, and that the deeds from Vanderhaise and from Kupner to Hugues, though absolute upon their face, were intended as mortgages to secure the repayment of the said loans. This appears clearly from the testimony of Hugues himself, as well as from the other evidence in the cause. There is in truth no conflict in the evidence in regard to the material facts upon which the complainant's title to redeem is founded. The only real controversy in the cause relates to the amount due to the complainant, and to the allowances to which he is entitled in taking the account.

The defendant holds the legal title to the premises, and for a considerable period has been in possession, by his tenant, and in the receipt of the rents and profits.

The complainant is entitled to redeem and to have a reconveyance of the premises conveyed to the defendant, by way of mortgage as aforesaid, by the complainant and by Charles Kupner, upon the payment of the amount that shall be found due from the complainant to the defendant upon the loans which the premises were conveyed to secure.

It must be referred to a master to take an account of the amount due for principal and interest upon the said loans of $3000 and $260, made as aforesaid by the defendant to the complainant.

The master is also to take an account of the rents and profits of the said premises which have come to the hands of the defendant, or of any other person by his order or for his use, or which he without his wilful default might have received, and what shall be coming on account of the rents and profits shall be deducted from the amount found due upon the mortgage.

In taking the account, the master will allow—

1. For the amount advanced by the defendant to satisfy the judgment recovered by F. B. and N. C. Carpenter, for a lien claim upon the premises prior to the deeds

made to the defendant—this payment being necessary for the protection of the estate.

2. Also for necessary repairs and lasting improvements.

3. Also for the costs of insurance and of advertising and other expenses necessarily or reasonably incurred in leasing the premises.

No allowance is to be made to the defendant for his services in renting or taking care of the property.

In taking the account, the master is authorized to make annual rests, or otherwise to charge the complainant with interest for advances made by the complainant, but not so as to charge the complainant with compound interest either upon the mortgage or upon the advances.

The evidence heretofore legally taken and filed in the cause may be used before the master, together with such further evidence as the master may deem necessary or desirable to ascertain the rights of the respective parties.

The evidence on the part of the complainant, filed 11th June, 1861, does not appear to have been taken and returned in compliance with the rules of the court, nor does it appear that said evidence was given under oath or subscribed by the witnesses. Before these depositions are received by the master as evidence, the officer before whom the depositions purport to have been taken should annex to each of the depositions a *jurat* properly signed.

The rent of the furniture or other personal property upon the mortgaged premises, not being within the original contract of the parties for the loan of the money, will not be included in the account of rents charged to the defendant; but the master will ascertain and report the value of the rents of the real estate, as distinguished from the rent of the furniture, unless by the written consent of both parties or their respective solicitors, or unless it shall be made to appear in evidence satisfactorily to the master that such allowance is in accordance with the contract of the parties subsequently entered into.

The question of costs and all further equity and directions are reserved till the coming in of the master's report.