PASSAIC NATIONAL BANK AND TRUST COMPANY, A NATIONAL BANKING CORPORATION OF THE UNITED STATES OF AMERICA, RESPONDENT, v. AARON L. SIMON, APPELLANT.

Argued February 8th, 1931—Decided May 18, 1931.

For the appellant, *Aaron L. Simon, pro se.*

For the respondent, *Corbin & Harty.*

The opinion of the court was delivered by

BODINE, J. This is an appeal from a judgment of the Supreme Court. The action was upon a promissory note for $7,250 discounted at the plaintiff bank, and not paid at maturity. The defendant, an endorser, filed an answer, which was struck as sham, alleging lack of the statutory notice of dishonor. It appeared from the pleadings and affidavits submitted that the defendant had some time before endorsing the note in suit procured accommodation from the bank on his own note upon which a balance was still due, and had pledged as security a bond and mortgage under a

collateral undertaking signed by him which provided so far as pertinent as follows: "This is to certify that I have deposited with you as collateral security for the payment of any note or notes discounted by you, made by myself or/and bearing my endorsement [notice of presentation, demand and protest being hereby waived], the following property, viz.: Bond and mortgage—Aaron L. Simon [unmarried] to Matthew H. Scheel, trustee, $10,000, dated July 21st, 1926."

The court below quite properly conceived that the agreement was, as it purported to be, a waiver of notice of presentment demand and protest of all notes bearing the defendant's endorsement discounted by the plaintiff and that, therefore, it was immaterial whether the notice of protest was mailed to defendant's address as required by law, or reached him within due time.

Section 109 of the Uniform Negotiable Instruments act (*Pamph. L.* 1902, *pp.* 583, 601) provides as follows: "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

This is an instance where there was an express waiver of notice of dishonor if the words of the collateral agreement "any note or notes discounted by you and bearing my endorsement" are given the ordinary meaning usually accorded to such language. Neither reason or authority suggest that these words should be given a contrary meaning.

The judgment is affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Van Buskirk, Kays, Dear, Wells, JJ. 12.

*For reversal*—None.