This is a suit to have a certain deed made by defendant Kort to defendant Citizens Trust Company construed as a mortgage, to have the property sold and to have the lien of the complainant and other mechanics' lienors declared to be superior to the lien of the Citizens Trust Company.
On April, 1927, Kort was a builder and arranged for the purchase of the premises in question, on which he intended to erect a building. He applied to the Citizens Trust Company, to which he was already indebted, for a further loan and on the 21st day of June, 1927, he borrowed from the trust company the sum of $5,000, part of which he used to purchase the premises. He took title the same day giving a purchase-money mortgage for $9,000 to one De Santo. This purchase-money mortgage is admittedly a first lien on the premises and is not in any way involved in this suit. At the time of making the $5,000 loan, Kort executed a collateral note to the trust company and deposited with it the deed from De Santo to himself. The collateral note provided as follows: "This deed to be recorded and the undersigned promises, covenants and agrees to execute a deed for the same property to the Citizens Trust Company to be held by the said Citizens Trust Company, its successors or assigns, *Page 152 
as collateral security for any and all notes, endorsements or other indebtedness incurred by the undersigned or his legal representatives or assigns, due or to become due, to said Citizens Trust Company." On June 27th, 1927, Kort executed a deed absolute on its face conveying the premises to the trust company and this deed was immediately recorded. Nothing was recorded to show that the deed was to be held as security.
Some months afterwards Kort entered into an agreement with the defendant New Jersey Tobacco Company by the terms of which Kort agreed to erect a building suitable to the uses of the tobacco company on the premises in question, and to lease the premises to it. About the first of December following Kort commenced the construction of a building and made contracts with complainant and the other mechanics' lien claimants for construction work and materials. He failed to pay his bills to the contractors with whom he dealt and work stopped around the first of February, 1928. The lien claimants shortly thereafter filed notices of mechanics' liens and later brought suit in the circuit court, obtaining judgments against Kort for the amounts of their claims. These aggregate about $12,000 or $13,000. There is no dispute as to the validity of these claims against Kort, or as to their amount. The question before the court is as to whether on the facts shown the lien claimants have a priority over the trust company or whether their rights are subordinate to the trust company, and if so, what is the amount of the claim for which the trust company has priority.
It is contended on behalf of the lien claimants that because the trust company failed to record, along with the deed from Kort to it, any statement that the deed absolute on its face was merely security, the transfer to the trust company was void as against them, and that they are entitled to priority over the trust company. They base this contention on sections 21 and 22 of the Mortgage act of 1877. However, I am of the opinion that the trust company is protected by the provisions of the later Conveyance act of 1898, which now includes mortgages as well as deeds. Section 21 of the *Page 153 
Conveyance act enumerates among others, "defeasable deeds or other conveyances in nature of a mortgage." Section 53 of this act provides:
"Whenever any such deed or instrument of the nature or description set forth in the twenty-first section of this act * * * shall be duly recorded * * * such record shall have been or shall be thereafter notice to all subsequent judgment creditors, purchasers and mortgagees of the execution of the sale, deed or instrument and of the conditions thereof."
There is nothing in the Conveyance act requiring that any statement of a provision for a defeasance be recorded along with the deed, and in this respect it differs from the prior Mortgage act.
The lien claimants assert that they dealt with Kort as the owner, and without any knowledge that the trust company had a claim against the property. Yet had they investigated the title they would have found on record a deed which would have informed them of an interest adverse to Kort. In fact, it would have shown on the face of the record that he had no interest at all. Under such circumstances, I can see no basis for an estoppel on the theory that the trust company allowed them to deal with Kort as the owner.
Even if the provisions of the Mortgage act are applicable and have not been superseded by the cited sections of the Conveyance act, the lien claimants would still have no priority thereunder. Section 22 of the Mortgage act provides that every mortgage shall be void and of no effect against a subsequent bona fide
mortgagee or purchaser for a valuable consideration not having notice thereof, unless it be registered. In Essex CountyNational Bank v. Harrison, 57 N.J. Eq. 91, Vice-Chancellor Pitney held that the provisions of the Mortgage act were to be construed together, that the purpose of the act was to give notice, and that the penalties of the act did not apply when there was actual notice or constructive notice by possession. In the present case not only was there constructive notice that the trust company had some rights by the recording of the deed, but all the *Page 154 
lien claimants had actual notice of the rights of the trust company at the time they filed their liens, for they all named the trust company as owner.
The priority of the lien of the trust company having been determined, there remains the question of its extent, as to whether it covers not only the $5,000 borrowed at the time of the execution of the collateral note, but also the prior indebtedness amounting to approximately $30,000, money lent to Kort afterwards, and the expenditures of the trust company in completing the building. Since all these items aggregate close to $80,000, and there is a prior first mortgage of $9,000, the allowance of some of them is probably merely academic. The prior loans to Kort are certainly part of the indebtedness secured by the transaction, together with the $5,000 lent at the time. The money lent to Kort afterwards is also secured by the terms of the collateral note, under the construction of a similar document inPassaic National Bank and Trust Co. v. Simon,154 Atl. Rep. 827, where the word "discounted" was held to apply to a note discounted after the execution of the document. I consider that the expense of completing the building is a proper addition to the amount secured. The courts have distinguished between an action to foreclose, in which the mortgagee seeks to collect from the mortgagor money spent for improvements, and a case where redemption is sought in a suit by the mortgagor. In the latter case, expenditures for improvements may be added to the debt. SeeLaible v. Terry, 32 N.J. Eq. 791, and Vanderhaise v.Hughes, 13 N.J. Eq. 410. There is in the present case still more reason for adding the expenses of completion. Kort was under contract to lease the premises as completed, to a certain tenant for whose special uses it was being built. By completing it the trust company undoubtedly benefited the security, by making tenantable the premises, useless as they stood, and in fact producing substantial rents which are applicable to the reduction of the debt. The amount necessary to complete is not represented by useless alterations or unnecessary construction, but has undoubtedly greatly increased the value. The completion *Page 155 
was therefore certainly an act for the benefit of the property, and it would be highly inequitable under such circumstances to forfeit this sum.
Let a decree be presented on notice in accordance with this opinion, providing that the deed from Kort to the trust company be declared to be a mortgage, and for the priorities as indicated herein.